THE BRANDI LAW FIRM
THOMAS J. BRANDI (CA Bar No. 53208)
BRIAN J. MALLOY (CA Bar No. 234882)
354 Pine Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 989-1800
Facsimile:  (415) 707-2024
Email: tjb@brandilaw.com

HOBAN & FEOLA, LLC
DAVID C. FEOLA* (CO Bar No. 18789)
730 17th Street, Suite 900
 Denver, CO 80202
Phone: 303-674-7000, Ext. 2
Facsimile: 303-382-4685
Email:  David@Feolalaw.com
* *Pro hac vice application to be filed*

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DURAN, JOHN BELL, JASON MEARS, VICTOR DESIMONE, CHRISTINA LEE and SARAH CATALDO,<br><br>    Plaintiffs,<br><br>        v.<br><br>THE HERSHEY COMPANY,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

## **INTRODUCTION**

Plaintiffs Joseph Duran, John Bell, Jason Mears, Victor DeSimone, Christina Lee and Sarah Cataldo ("Plaintiffs") hereby complain against defendant The Hershey Company ("Hershey") for violations of the anti-retaliation provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3), for their participation in lawsuits seeking overtime compensation from Hershey.

**PARTIES**

1. Plaintiff Joseph Duran was employed as a Retail Sales Representative ("RSR") for Hershey from November 29, 2004 until he was involuntarily terminated on July 12, 2013. Prior to his termination, Mr. Duran had his written consent to join the case of *Zulewski, et al. v. The Hershey Company*, Case No. 11-CV-05117 (N.D. Cal.) ("*Zulewski* matter") filed in this Court on May 30, 2012, asserting claims for overtime compensation under the FLSA against Hershey.

2. Plaintiff John Bell was employed as an RSR for Hershey from April 26, 2004 until he was involuntarily terminated on September 30, 2013. Prior to his termination, Mr. Bell had his written consent to join the *Zulewski* matter filed in this Court on June 6, 2012, asserting claims for overtime compensation under the FLSA against Hershey.

3. Plaintiff Jason Mears was employed as an RSR for Hershey from September 20, 2003 until he was involuntarily terminated on September 30, 2013. Prior to his termination, Mr. Mears had his written consent to join the *Zulewski* matter filed in this Court on May 30, 2012, asserting claims for overtime compensation under the FLSA against Hershey.

4. Plaintiff Victor DeSimone was employed as an RSR for Hershey from September 20, 2003 until he was involuntarily terminated on September 30, 2013. Prior to his termination, Mr. DeSimone had his written consent to join the *Zulewski* matter filed in this Court on May 31, 2012, asserting claims for overtime compensation under the FLSA against Hershey.

5. Plaintiff Christina Lee was employed as an RSR for Hershey from September 20, 2003 until she was involuntarily terminated on September 30, 2013. Prior to her termination, Ms. Lee had her written consent to join the *Zulewski* matter filed in this Court on January 24, 2012, asserting claims for overtime compensation under the FLSA against Hershey. Prior to her termination, Ms. Lee also had her written consent to join the case of *Campanelli, et al. v. The Hershey Company*, Case No. 3:08-cv-01862-BZ (N.D. Cal.) ("*Campanelli* matter") on September 7, 2010, also asserting claims for overtime compensation under

the FLSA.

6. Plaintiff Sarah Cataldo was employed as an RSR for Hershey from September 24, 2007 until he was involuntarily terminated on December 5, 2013. Prior to her termination, Ms. Cataldo had her written consent to join the *Zulewski* matter filed in this Court on July 9, 2012, asserting claims for overtime compensation under the FLSA against Hershey.

7. Hershey, a Delaware corporation with its principal place of business in Pennsylvania, is a multi-national producer of chocolate and non-chocolate confectionary products. Its operations include the manufacturing, marketing and sales of these products. Hershey is authorized to do business in California according to its California registrations, as well as, on information and belief, the balance of the United States. Plaintiffs are informed and believe, and accordingly allege, that defendant Hershey is and was at all relevant times herein, authorized to do, and had regularly, continually and systematically done business in the State of California, including the City and County of San Francisco and the City of Oakland.

## JURISDICTION AND VENUE

8. The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over the Plaintiffs' FLSA claims.

9. Venue is proper in this Court in that Plaintiffs asserted their rights under the FLSA for which they were retaliated against in this Court in the *Zulewski* matter and, in addition for Ms. Lee, the *Campanelli* matter and because all Plaintiffs have chosen this forum in which to litigate their claims.

## INTRADISTRICT ASSIGNMENT

10. This action is appropriately assigned in the Oakland Division because that is the Division that the *Zulewski* matter was assigned, which forms the basis of Plaintiffs' retaliation claims. Moreover, Plaintiffs are informed and believe that defendant Hershey is and was at all relevant times herein, authorized to do, and had regularly, continually and systematically done business in the State of California, including the City of Oakland.

## BACKGROUND

11. On April 7, 2008, three former RSRs of Hershey filed a lawsuit against Hershey in the Northern District of California asserting wage and hour violations under the FLSA and related California laws. *See Campanelli, et al. v. The Hershey Company*, Case No. 08-CV-01862 (N.D. Cal.). The RSR employees challenged their classification as exempt "outside sales" and "administrative" employees under the FLSA and California law. Plaintiffs contended that the RSR position, which involved job duties such as packing out product and building displays, was a non-exempt merchandising position.

12. The *Campanelli* matter was permitted to proceed on a collective action basis under 29 U.S.C. § 216(b). Eventually, approximately 120 current and former RSRs joined the *Campanelli* matter, including Plaintiff Christina Lee.

13. On February 23, 2011, the federal court granted the *Campanelli* plaintiffs' motion for partial summary judgment, holding that the RSRs who had joined the case were not exempt from the overtime requirements of the FLSA and California, and that they were entitled to overtime pay. *Campanelli v. The Hershey Company*, 765 F.Supp.2d 1185 (N.D.Cal. 2011). A confidential resolution was reached, which was approved by the court on May 4, 2011.

14. When Hershey did not reclassify the position, on October 19, 2011, a lawsuit was filed by twelve present and former RSRs against Hershey in the Northern District of California asserting wage and hour violations under the FLSA and related California laws. *See Zulewski, et al. v. The Hershey Company*, Case No. 11-CV-05117 (N.D. Cal.). Approximately 150 current and former RSRs joined the *Zulewski* matter, including Plaintiffs Joseph Duran, John Bell, Jason Mears, Christina Lee, and Victor DeSimone and Sarah Cataldo. A confidential resolution was reached, which was approved by the Court on August 16, 2013.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## FIRST CAUSE OF ACTION
### Violation of the Anti-Retaliation Provision of the Fair Labor Standards Act
### (Brought By Plaintiffs Against Defendant)

15. Plaintiffs Joseph Duran, John Bell, Jason Mears, Victor DeSimone, Christina Lee and Sarah Cataldo incorporate in this cause of action each and allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

16. At all relevant times, Hershey has been and is an employer engaged in commerce as those terms are defined in 29 U.S.C. § 203(b) and (d). At all times relevant, Hershey has been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(1).

17. In November 2004, Joseph Duran was hired by Hershey as an RSR.

18. Mr. Duran satisfactorily performed his job duties as an RSR.

19. Mr. Duran asserted his legal rights under the FLSA through the filing of a complaint and his participation in legal proceedings, which commenced with the filing of his consent to join the *Zulewski* matter filed in this Court on May 30, 2012, asserting claims for overtime compensation under the FLSA, and continued throughout those proceedings until the resolution of those claims in April 2013 and an agreed-upon dismissal with prejudice of those claims in August 2013.

20. Even though Mr. Duran was satisfactorily performing his position, after he filed a complaint and participated in legal proceedings to protect and assert his legal rights under the FLSA, Hershey discharged him, on July 12, 2013, because he filed the complaint and participated in these legal proceedings.

21. In April 2004, John Bell was hired by Hershey as an RSR.

22. Mr. Bell satisfactorily performed his job duties as an RSR.

23. Mr. Bell asserted his legal rights under the FLSA through the filing of a complaint and his participation in legal proceedings, which commenced with the filing of his consent to join the *Zulewski*

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

matter filed in this Court on June 6, 2012, asserting claims for overtime compensation under the FLSA, and continued throughout those proceedings until the resolution of those claims in April 2013 and an agreed-upon dismissal with prejudice of those claims in August 2013.

24. Even though Mr. Bell was satisfactorily performing his position, after he filed a complaint and participated in legal proceedings to protect and assert his legal rights under the FLSA, Hershey discharged him, on September 30, 2013, because he filed the complaint and participated in these legal proceedings.

25. Jason Mears had worked for Hershey since 2000 and since September 2003 as an RSR.

26. Mr. Mears satisfactorily performed his job duties as an RSR.

27. Mr. Mears asserted his legal rights under the FLSA through the filing of a complaint and his participation in legal proceedings, which commenced with the filing of his consent to join the *Zulewski* matter filed in this Court on May 30, 2012, asserting claims for overtime compensation under the FLSA, and continued throughout those proceedings until the resolution of those claims in April 2013 and an agreed-upon dismissal with prejudice of those claims in August 2013.

28. Even though Mr. Mears was satisfactorily performing his position, after he filed a complaint and participated in legal proceedings to protect and assert his legal rights under the FLSA, Hershey discharged him, on September 30, 2013, because he filed the complaint and participated in these legal proceedings.

29. Victor DeSimone had worked at Hershey since 1991 and since September 2003 as an RSR.

30. Mr. DeSimone satisfactorily performed his job duties as an RSR.

31. Mr. DeSimone asserted his legal rights under the FLSA through the filing of a complaint and his participation in legal proceedings, which commenced with the filing of his consent to join the *Zulewski* matter filed in this Court on May 31, 2012, asserting claims for overtime compensation under the

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

FLSA, and continued throughout those proceedings until the resolution of those claims in April 2013 and an agreed-upon dismissal with prejudice of those claims in August 2013.

32. Even though Mr. DeSimone was satisfactorily performing his position, after he filed a complaint and participated in legal proceedings to protect and assert his legal rights under the FLSA, Hershey discharged him, on September 30, 2013, because he filed the complaint and participated in these legal proceedings.

33. Christina Lee had worked at Hershey since 2000 and since September 2003 as an RSR.

34. Ms. Lee satisfactorily performed her job duties as an RSR.

35. Ms. Lee asserted her legal rights under the FLSA through the filing of a complaint and his participation in legal proceedings, including the filing of her consent to join the *Zulewski* matter filed in this Court on May 31, 2012, asserting claims for overtime compensation under the FLSA, and continued throughout those proceedings until the resolution of those claims in April 2013 and an agreed-upon dismissal with prejudice of those claims in August 2013.  Ms. Lee also asserted her legal rights under the FLSA through her written consent to join the *Campanelli* matter filed in this Court on September 7, 2010, asserting claims for overtime compensation under the FLSA.

36. Even though Ms. Lee was satisfactorily performing her position, after she filed complaints and participated in legal proceedings to protect and assert her legal rights under the FLSA, Hershey discharged her, on September 30, 2013, because she filed the complaint and participated in these legal proceedings.

37. In September 2007, Sarah Cataldo was hired by Hershey as an RSR.

38. Ms. Cataldo satisfactorily performed her job duties as an RSR.

39. Ms. Cataldo asserted her legal rights under the FLSA through the filing of a complaint and his participation in legal proceedings, which commenced with the filing of her consent to join the *Zulewski* matter filed in this Court on July 9, 2012, asserting claims for overtime compensation under the FLSA, and

7
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

continued throughout those proceedings until the resolution of those claims in April 2013 and an agreed-upon dismissal with prejudice of those claims in August 2013.

40. Even though Ms. Cataldo was satisfactorily performing her position, after she filed a complaint and participated in legal proceedings to protect and assert her legal rights under the FLSA, Hershey discharged her, on December 5, 2013, because she filed the complaint and participated in these legal proceedings.

41. The FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3), broadly prohibits employers from retaliating against workers who have file complaints concerning violations of the FLSA:

> [I]t shall be unlawful for any [employer] to . . . discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]…

42. By reason of the foregoing, Hershey has violated 29 U.S.C. § 215(a)(3) by discharging and/or taking other discriminatory actions against Plaintiffs Joseph Duran, John Bell, Jason Mears, Victor DeSimone, Christina Lee and Sarah Cataldo because Plaintiffs Joseph Duran, John Bell, Jason Mears, Victor DeSimone, Christina Lee and Sarah Cataldo asserted their FLSA claims for overtime compensation in the *Zulewski* matter and Plaintiff Christina Lee also asserted her FLSA claim for overtime compensation in the *Campanelli* matter.

43. Because the *Zulewski* matter had a substantial number of currently employed RSRs join the case, Plaintiffs are informed and believe that this may be an ongoing concern and therefore reserve the right to amend this Cause of Action to add additional Plaintiffs who may be retaliated against.

44. By reason of the foregoing, Plaintiffs Joseph Duran, John Bell, Jason Mears, Victor DeSimone, Christina Lee and Sarah Cataldo have sustained damages as a result, including economic and non-economic damages, attorney fees, costs and interest.

45. By reason of the foregoing, Plaintiffs Joseph Duran, John Bell, Jason Mears, Victor DeSimone, Christina Lee and Sarah Cataldo seek punitive damages against Defendant.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## RELIEF SOUGHT

WHEREFORE, Plaintiffs pray for judgment and the following specific relief against Hershey as follows:

1. That the Court declare, adjudge and decree that defendant Hershey violated the anti-retaliation provisions of the FLSA as to the Plaintiffs;

2. That defendant Hershey be preliminarily and permanently enjoined from engaging in the acts herein described in violation of the FLSA;

3. For non-economic, economic, and punitive damages;

4. For interest on the amount of any and all economic losses, at the prevailing legal rate;

5. For reasonable attorney fees pursuant to 29 U.S.C. § 216(b);

6. For costs of suit and any and all such other relief as the Court may deem proper; and

7. For all other orders, finding and determinations identified and sought in this Complaint.

Dated:   March 13, 2014                        THE BRANDI LAW FIRM


                                               By:_/s/ Thomas J. Brandi_____
                                                   THOMAS J. BRANDI
                                                   BRIAN J. MALLOY
                                                   *Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand trial by jury on issues triable by right of jury.

Dated:   March 13, 2014                        THE BRANDI LAW FIRM


                                               By:_/s/ Thomas J. Brandi_____
                                                   THOMAS J. BRANDI
                                                   BRIAN J. MALLOY
                                                   *Attorneys for Plaintiffs*