DARYL S. LANDY, State Bar No. 136288
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel:    415.442.1000
Fax:    415.442.1001
Email: dlandy@morganlewis.com

MICHAEL J. PUMA (admitted *pro hac vice*)
ELEANOR R. FARRELL (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
Tel:    215.963.5000
Fax:    215.963.5001
Email: mpuma@morganlewis.com
          efarrell@morganlewis.com

*Counsel for Defendant The Hershey Company*

THE BRANDI LAW FIRM
THOMAS J. BRANDI, SBN 53208
BRIAN J. MALLOY, SBN 234882
354 Pine Street, Third Floor
San Francisco, CA 94104
Telephone:  415.989.1800; Facsimile:
415.707.2024
E-mail: tjb@brandilaw.com

HOBAN & FEOLA, LLC
DAVID C. FEOLA (CO Bar No. 18789)
(admitted *pro hac vice*)
34523 Upper Bear Creek Road
Evergreen, Colorado 80439
Telephone:  303.674.7000
Facsimile: 303.382.4685
E-mail: David @Feolalaw.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DURAN, JOHN BELL, JASON MEARS, VICTOR DESIMONE, CHRISTINA LEE and SARAH CATALDO,<br><br>Plaintiffs,<br><br>vs.<br><br>THE HERSHEY COMPANY,<br><br>Defendant. | Case No. 3:14-CV-01184 RS<br><br>ORDER<br>**STIPULATION REGARDING PROTOCOL FOR DOCUMENT PRODUCTION INCLUDING ELECTRONICALLY STORED INFORMATION AND DATA, THE OBLIGATION FOR DOCUMENT PRESERVATION, AND THE PROCEDURE FOR THE PROTECTION AND ASSERTION OF PRIVILEGE**<br><br>Hon. Richard Seeborg |

This Stipulation Regarding Protocol for Document Production Including Electronically Stored Information and Data, The Obligation for Document Preservation, and the Procedure for the Protection and Assertion of Privilege (this "Stipulation") is entered into between the defendant, The Hershey Company ("Defendant" or "Hershey"), and Plaintiffs ("Plaintiffs"), by and through their respective counsel:

1

1.     **Protocol for the Production of Relevant Documents Including Electronically Stored Information ("ESI").**

a.     The Plaintiffs and Defendant ("Parties") have met and conferred on a plan for the production of discoverable documents, including ESI, which is defined in Fed. R. Civ. P. 34(a)(1)(A), and which definition is incorporated here by the parties.  As outlined in more detail in Section 4, the Parties have identified to each other the custodians, individuals who may be responsible for the collection, retention, and storage of information or documents, the proposed storage locations for searching documents and the filtering criteria, including proposed search terms and date restrictions.

b.     To the extent Hershey intends to use search terms to locate ESI, the agreed-upon search terms will be searched by Hershey for the time frame and in the custodian email identified below.

c.     Hershey will run a one-phased search (meaning that this search and production is envisioned to be conducted once from beginning to end, rather than being an ongoing process) of the search terms within the agreed-upon custodian's emails for the agreed-upon time frame, and Hershey may, if it chooses, review the documents returned or "hit" from such search for responsiveness and privilege, or it may produce all such documents to the Plaintiffs, with Hershey reserving its rights on relevancy and privilege pursuant to its  rights under Fed. R. Evidence 502(d).  Should Hershey move to limit or bifurcate discovery on any issue, this stipulation in its entirety is suspended or must be amended to address such circumstance.

f.     Hershey will produce hard copy and electronic format as follows:

For documents originating in hard copy format, documents should be scanned and produced as single-page, Group IV, 300 DPI TIFF images or as PDF images with an image load file (.OPT file and/or .LFP file) and a delimited database/metadata load file (.DAT).  The database/metadata load file should contain the metadata fields Production Number Begin, Production Number End, Production Doc Page Count and Custodian.  The documents should be logically unitized (i.e. distinct documents should not

2

be merged into a single record, and a single document should not be split into multiple record) and should be produced in the order in which they are kept in the usual course of business.  The text and image load files should indicate page breaks.

For documents originated in electronic format, at the producing party's discretion, the producing party can produce ESI documents in their native format or can produce ESI in 300 DPI Group IV Black and White Tagged Image File Format (.TIFF or .TIF) or PDF files.  If the party is producing TIFF files, they shall be produced in single-page format along with image load files (.OPT file and .LFP file). During the process of converting ESI from the electronic format of the application in which the ESI is normally created, viewed and/or modified to TIFF, metadata values should be extracted and produced in the database/metadata load file.

g.    Nothing in this protocol waives a party's right to object to certain document requests or to withhold privileged information from production.

h.    Where the same document exists in both an electronic and a hard copy format, the Parties agree that when possible the document will be produced in an electronic format.

i.    The Parties will attempt to resolve all disputes concerning the sufficiency of production of requested documents, including requests for electronically stored information, by consulting with each other and exploring the possibility of an alternative means for the production of the information requested prior to submission of joint discovery letters or the filing discovery motions with the Court.

**2.    Privilege Logs.**

a.    The Parties agree that, except with respect to the documents and information described in paragraph b. of this section, any documents withheld in whole or in part on the basis of privilege shall be listed on a log provided to the requesting party as required by Fed. R. Civ. P. 26(b)(5).  Any relevant documents withheld as Privileged Documents shall be disclosed on a privilege log that shall comply with

3

the requirements of Federal Rule of Civil Procedure, Rule 26(b)(5)(a)(ii) by identifying, at a minimum, the following information:  (1) the author[s] of the document; (2) the date the document was created, sent, or last modified; (3) the general subject matter of the document; (4) all person[s] to whom the document was sent; and (5) whether Hershey is asserting attorney-client or work product, or both, as to the document. Hershey represents that it will continue to store – and instruct its vendor to store – any documents withheld from production as Privileged Documents.

     b.    The Parties agree that the following documents need not be included on a privilege log:

       1.    Communications exclusively between a party and its trial counsel on and after the filing of this lawsuit.

       2.    Work product created by trial counsel in this matter after commencement of this action.

       3.    Internal communications within (a) a law firm or (b) a legal department of a corporation.

     c.    The Parties agree to meet and confer further on the privilege log requirements of logging one entry to identify withheld e-mails that constitute an uninterrupted dialogue between or among individuals (often referred to as an "e-mail thread") versus requiring the parties to log all recipients of an e-mail thread.

**3.    Preservation.**

     a.    The Parties acknowledge that the duty to preserve potentially relevant ESI and documents arose for Defendant when Hershey reasonably anticipated this litigation, and for Plaintiffs, when they each were first aware that they may have the potential legal rights and claims, and that this duty continues during the pendency of this litigation. The parties also agree that for thirty (30) days after entry of a final order closing this case, each of the Parties herein and their attorneys may not alter, interlineate, destroy, or permit

the destruction of any reasonably accessible, potentially relevant "document" within their possession, custody, or control, wherever such reasonably accessible, potentially relevant document is physically located, or irrevocably change the form or sequence of the files in which the reasonably accessible, potentially relevant document is located, except to allow for archiving of files to avoid automatic deletion. Such persons may not change the location of any such reasonably accessible, potentially relevant documents except to facilitate compilation, review, or production.

b.      In order to implement the agreement and order to preserve documents including ESI, the Parties represent to one another that the following steps have been and will remain in effect throughout the pendency of the litigation and for thirty (30) days after entry of a final order closing this case:

1.      Each party has been and continues to be responsible for confirming with identified custodians of information that documents including reasonably accessible ESI which are relevant or discoverable in this case will be retained in accordance with this Stipulation.  The Parties have exchanged lists of identified custodians and have agreed that, if additional custodians are identified by themselves or the opposing party, the litigation hold will be applied to these additional custodians as well.

2.      The Parties represent that they have identified custodians of potentially discoverable evidence and have issued litigation holds to those individuals.  The Parties represent that as part of the litigation holds, custodians of records have been requested to retain all relevant reasonably accessible ESI which would otherwise be deleted.

c.      Nothing herein shall prevent a party from subsequently requesting that information or documents identified above be preserved and produced if specific acts demonstrate a particular need for such evidence that justifies the burden of preservation and retrieval, as provided in Fed. R. Civ. P. 26(b)(2)(B) or otherwise.

STIPULATION REGARDING PROTOCOL FOR DOCUMENT PRODUCTION INCLUDING ELECTRONICALLY STORED INFORMATION AND DATA, THE OBLIGATION FOR DOCUMENT PRESERVATION, AND THE PROCEDURE FOR THE PROTECTION AND ASSERTION OF PRIVILEGE - Case No.: 14-cv-01184 RS

**4.     Scope.**

a.     This Stipulation pertains only to documents containing information that may be relevant to, or may lead to the discovery of information relevant to the claims or defenses asserted in the present action. Any document described in Initial Disclosures and any discovery request or response made during this litigation shall, from the time of the request or response, be treated for purposes of this Stipulation as containing such information unless and until the court rules such information to be irrelevant.

b.     Counsel agree to confer to resolve questions as to what documents are outside the scope of this Stipulation or otherwise need not be preserved and as to an earlier date for permissible destruction of particular categories of documents.  If counsel are unable to agree, any party may apply to the court for clarification or relief from this Stipulation upon reasonable notice.  A party failing, within sixty (60) days after receiving written notice from another party that specified documents will be destroyed, lost, or otherwise altered pursuant to routine policies and programs, to indicate in writing its objection shall be deemed to have agreed to such destruction.

c.     The Parties will endeavor to agree upon search terms, Custodians, storage environments, and date ranges, which they will do reasonably and in good faith.

d.     As of the execution of this Stipulation, the agreements regarding these issues are as follows:

1.     The following is a list of custodians that the Parties agree to collect and search:

i.     Plaintiffs' Custodians:

A.     Plaintiffs;

ii.     Defendant's Custodians:

A.     Michelle Marcatante;

B.     Karen Nee;

C.     Leslie Reed;

6

D.      Mark Parlin;

E.      Tom Smuda;

F.      Doug Harlin;

H.      Dean Eastman;

I.      Lisa Freedman;

J.      Tim Jeffreys;

M.      Allison Phillips;

N.      Nick Ortoleva;

O.      Brandice Seamon;

P.      Danielle Warwavesyn;

Q.      Gregg Welte;

2.      Search terms:

A.      The names of the Plaintiffs;

B.      "Zulewski";

C.      "Campanelli";

D.      "overtime lawsuit" or "overtime litigation" or "overtime case"

E.      "retali*"

F.      "non-retali*"

3.      In lieu of using search terms, Plaintiffs have manually searched their personal

computers, personal email accounts, personal cell phones, smartphones or PDAs, portable media (e.g.,

thumb drives, flash drives, portable hard drives), hard copy files, and any other source of information

currently in their possession, custody, or control, provided that Plaintiffs represent that they have conducted

a thorough search of these sources to identify all documents and information relevant or potentially relevant

7

to the claims or defenses of any party to this action, and have reviewed this pool of relevant or potentially relevant documents for responsiveness to all discovery requests propounded by Defendant previously and throughout the course of this litigation. This search must include all text messages, including, but not limited to, messages sent via multimedia messaging service ("MMS"), or short message service ("SMS"), or Apple's iMessage, sent and received by Plaintiffs. Plaintiffs will continue to search based on their duty to supplement under Federal Rule of Civil Procedure 26.

4. Date Range: The Parties agree to limit their searches to files with the created, modified, sent or received date as follows:

i. For Defendant's ESI: January 1, 2012 through the present.

ii. For Plaintiffs' ESI: January 1, 2012 through the present.

**5.    Limitations.**

a. This Stipulation does not waive but, instead, affirmatively preserves, any and all arguments, positions and/or rights that either or both sides may have regarding: (a) questions of authenticity, foundation, relevancy, materiality, accuracy, and evidentiary admissibility of any electronic information; (b) all issues as to the use, admissibility, or introduction into evidence of any electronic information; (c) the Parties obligations, if any, to supplement discovery; and/or (d) discovery disputes which do not implicate ESI.

**6.    Fed. R. Evidence 502(d) Order.**

a. Pursuant to Federal Rule of Evidence 502(d), the Court orders that a producing party's attorney-client privilege and work product protection is not waived in this case or in any other federal or state proceeding by disclosure of the materials to the opposing side if the disclosure is inadvertent or unintentional. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

STIPULATION REGARDING PROTOCOL FOR DOCUMENT PRODUCTION INCLUDING ELECTRONICALLY STORED INFORMATION AND DATA, THE OBLIGATION FOR DOCUMENT PRESERVATION, AND THE PROCEDURE FOR THE PROTECTION AND ASSERTION OF PRIVILEGE - Case No.: 14-cv-01184 RS

b.      A producing party which seeks the return of documents under this section may request the return of documents which it claims should have been withheld on the basis of the attorney-client and/or work product protection.  Upon receipt of such a request for return, the party to whom the documents were produced must segregate the documents and return them or seek, within thirty (30) days, a determination by the Court regarding whether the documents must be returned.

**7.      Costs.**

a.      The Parties agree each party shall bear the cost of its own production.  In the event, however, a Party requests the production of cumulative or repetitive information or information that otherwise imposes an undue burden, or is from a source that is not reasonably accessible due to undue burden or cost, the producing Party may object.  Upon objection, the Parties shall work in good faith to resolve the issue, for instance by producing samples or summaries of such documents.  In the event the parties are unable to resolve their differences, the parties may proceed consistent with the Federal Rules of Civil Procedure, including Rule 26(b)(2), and any applicable Local Rules.

**8.      Stipulation Admissible.**

a.      The Parties agree that this Stipulation will be admissible by either side in any proceeding regarding the subject matters addressed herein or to enforce the obligations, duties, and limitations expressed in this Stipulation.

**9.      No Modifications to Dispute Procedures and Burdens of Demonstration and Proof:**

The Parties agree that nothing in this stipulation is intended or agreed to in any way modify the Federal Rules of Civil Procedure, the Court's Local Rules and the Court's own procedures and rules, or pertinent case law, as to how disputes that may arise regarding the interpretation of this stipulation are determined or the allocation of the burdens of demonstration or proof as to any such disputes.

STIPULATION REGARDING PROTOCOL FOR DOCUMENT PRODUCTION INCLUDING ELECTRONICALLY STORED INFORMATION AND DATA, THE OBLIGATION FOR DOCUMENT PRESERVATION, AND THE PROCEDURE FOR THE PROTECTION AND ASSERTION OF PRIVILEGE - Case No.: 14-cv-01184 RS

Dated:  February 17, 2015           MORGAN, LEWIS & BOCKIUS LLP


By: /s/ Michael J. Puma
     Michael J. Puma

     Attorneys for Defendant

     THE HERSHEY COMPANY


Dated:  February 17, 2015           THE BRANDI LAW FIRM


By:  /s/ Brian J. Malloy
     Brian J. Malloy

Attorneys for Plaintiffs


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: 2/18/2015

     Hon. Richard Seeborg
     United States District Court Judge

STIPULATION REGARDING PROTOCOL FOR DOCUMENT PRODUCTION INCLUDING ELECTRONICALLY
STORED INFORMATION AND DATA, THE OBLIGATION FOR DOCUMENT PRESERVATION, AND THE
PROCEDURE FOR THE PROTECTION AND ASSERTION OF PRIVILEGE - Case No.: 14-cv-01184 RS